THOMAS, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## ADAM JARCHOW, ET AL. *v.* STATE BAR OF WISCONSIN, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 19–831.   Decided June 1, 2020

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, with whom JUSTICE GORSUCH joins, dissenting from the denial of certiorari.

A majority of States, including Wisconsin, have "integrated bars." Unlike voluntary bar associations, integrated or mandatory bars require attorneys to join a state bar and pay compulsory dues as a condition of practicing law in the State. Petitioners are practicing lawyers in Wisconsin who allege that their Wisconsin State Bar dues are used to fund "advocacy and other speech on matters of intense public interest and concern." App. to Pet. for Cert. 10. Among other things, petitioners allege that the Wisconsin State Bar has taken a position on legislation prohibiting health plans from funding abortions, legislation on felon voting rights, and items in the state budget. Petitioners' First Amendment challenge to Wisconsin's integrated bar arrangement is foreclosed by *Keller* v. *State Bar of Cal.*, 496 U. S. 1 (1990), which this petition asks us to revisit. I would grant certiorari to address this important question.

In *Abood* v. *Detroit Bd. of Ed.*, 431 U. S. 209 (1977), the Court held that a law requiring public employees to pay mandatory union dues did not violate the freedom of speech guaranteed by the First Amendment, *id.*, at 235–236. In *Keller*, the Court extended *Abood* to integrated bar dues based on an "analogy between the relationship of the State Bar and its members, on the one hand, and the relationship of employee unions and their members, on the other." 496

U. S., at 12.  Applying *Abood*, the Court held that "[t]he State Bar may . . . constitutionally fund activities germane to [its] goals" of "regulating the legal profession and improving the quality of legal services" using "the mandatory dues of all members."  496 U. S., at 13–14.

Two Terms ago, we overruled *Abood* in *Janus* v. *State, County, and Municipal Employees*, 585 U. S. ___ (2018).  We observed that "*Abood* was poorly reasoned," that "[i]t has led to practical problems and abuse," and that "[i]t is inconsistent with other First Amendment cases and has been undermined by more recent decisions."  *Id.*, at ___ (slip op., at 1).  After considering arguments for retaining *Abood* that sounded in both precedent and original meaning, we held that "States and public-sector unions may no longer extract agency fees from nonconsenting employees."  585 U. S., at ___ (slip op., at 48).

Our decision to overrule *Abood* casts significant doubt on *Keller*.  The opinion in *Keller* rests almost entirely on the framework of *Abood*.  Now that *Abood* is no longer good law, there is effectively nothing left supporting our decision in *Keller*.  If the rule in *Keller* is to survive, it would have to be on the basis of new reasoning that is consistent with *Janus*.*

Respondents argue that our review of this case would be hindered because it was dismissed on the pleadings.  But any challenge to our precedents will be dismissed for failure to state a claim, before discovery can take place.  And in any event, a record would provide little, if any, benefit to our review of the purely legal question whether *Keller* should be overruled.

Short of a constitutional amendment, only we can rectify

———————
*Respondents resist this conclusion by citing *Harris* v. *Quinn*, 573 U. S. 616 (2014), which predates *Janus*.  But all we said in *Harris* was that "a refusal to extend *Abood*" would not "call into question" *Keller*. *Harris*, 573 U. S., at 655.  Now that we have overruled *Abood*, *Keller* has unavoidably been called into question.

THOMAS, J., dissenting

our own erroneous constitutional decisions. We have admitted that *Abood* was erroneous, and *Abood* provided the foundation for *Keller*. In light of these developments, we should reexamine whether *Keller* is sound precedent. Accordingly, I respectfully dissent from the denial of certiorari.